IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00830-KMT

DELBERT SGAGGIO,

    Plaintiff,

v.

PHIL WEISER, in his individual and official capacities,

and

THE STATE OF COLORADO.

    Defendants.

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Attorney General Phillip Weiser ("the Attorney General") and the State of Colorado ("the State"), through undersigned counsel, move to dismiss Plaintiff's Amended Complaint, ECF No. 18, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Defendants state as follows.

## STATEMENT OF THE CASE

Plaintiff Delbert Sgaggio alleges he is a journalist who is vocal on social media regarding political issues and who likes to use memes to communicate on Facebook. ECF No. 18, p. 2, 6. In early 2019, the General Assembly considered HB 19-1177, which allows family or household members or law enforcement officers "to petition the court for a temporary extreme risk protection order (ERPO)." *Id.* at p. 5-6. Sgaggio found the bill, which the Attorney General supported, unacceptable and unconstitutional. *Id.* at p. 6. The Amended Complaint alleges, in March 2019, Sgaggio posted comments and memes on three Facebook pages associated with the Attorney General — a personal page, a campaign page, and an official government page. *Id.* at

1

p. 12, 24-36.  The comments and memes on all three pages are inflammatory, abusive, and refer to the Attorney General, his daughter, and minority elementary students in derogatory terms.  *Id.*

Sgaggio alleges the Attorney General deleted the comments and memes and banned him from the personal and campaign pages, committing viewpoint discrimination in the process.  *Id.* at p. 50.  He also alleges the State has a custom, policy, or practice allowing state employees to remove comments on Facebook.  *Id.* at p. 46.  He brings 42 U.S.C. § 1983 claims against the Attorney General in his individual and official capacities and the State, alleging one violation of his First Amendment rights to free speech, free press, and to petition the government and one First Amendment retaliation claim.  ECF No. 18, p. 1, 50-54.  Sgaggio seeks declaratory and injunctive relief and compensatory and punitive damages.  *Id.* at p. 55.

The Eleventh Amendment bars Sgaggio's official capacity claims against the Attorney General and the claims against the State.  The Amended Complaint also fails to state claims for relief against the Attorney General.  Lastly, the Attorney General is entitled to qualified immunity.  For these reasons, Sgaggio's Amended Complaint must be dismissed with prejudice.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction.  Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: a facial attack on the complaint's allegations or an attack on the facts upon which subject matter jurisdiction depends.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Eleventh Amendment immunity is an issue of subject matter jurisdiction. *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000).  The plaintiff has the burden of establishing subject matter jurisdiction.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the factual allegations plaintiff asserts must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a party's allegations must "plausibly" support a legal claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Neither conclusory nor implausible allegations are sufficient to satisfy Fed. R. Civ. P. 8. *Id.* at 678. Moreover, the court need not accept as true legal conclusions couched as factual allegations. *Id.* The Court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Whether a plaintiff has stated a plausible claim for relief is a context-specific inquiry requiring "the court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Sgaggio is pro se, his pleadings must be liberally construed. But the court must not advocate on his behalf. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Also, the court is "not required to imagine or assume facts in order to permit a claim to survive." *Wright v. Alexander*, 2013 WL 12069072, *1 (W.D. Okla. Dec. 12, 2013) (citing *Hall*, 935 F.2d at 1109-10).

## ARGUMENT

**I.     The Eleventh Amendment bars the official capacity claims against the Attorney General and the claims against the State.**

The Eleventh Amendment to the United States Constitution bars federal jurisdiction over private claims for money damages against a state, its instrumentalities, and state officials acting in their official capacity. *Tennessee v. Lane*, 541 U.S. 509, 517-19 (2004); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-66 (1989) (holding Congress did not abrogate sovereign immunity through § 1983). Unless a state has waived its Eleventh Amendment immunity, such absolute immunity applies regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n,* 328 F.3d 638, 644 (10th Cir. 2003); *Ramirez v. Okla. Dept. of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Colorado has not waived its immunity. *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).

Similarly, a plaintiff bringing claims against a state employee in his official capacity essentially brings claims against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Sgaggio has sued the Attorney General — a state employee — in his official capacity, ECF No. 18, p. 1, meaning he essentially brings claims against the State. Moreover, it has long been established that states and government employees acting in their official capacities are not "persons" that can be sued under § 1983. *Will*, 491 U.S. at 64-66. For these reasons, the claims against the State and the official capacity claims against the Attorney General must be dismissed with prejudice for lack of subject matter jurisdiction. *See id.*; *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989).

> II. **Because the Attorney General's alleged actions related to his personal and campaign pages were not taken under color of law, the Amended Complaint fails to state claims upon which relief can be granted.**

Section 1983 creates liability for violations of federal law "committed by individuals acting 'under color of state law.'" *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (citing 42 U.S.C. § 1983). Only those defendants who represent the state in some capacity are proper defendants in § 1983 claims. *Id.* Accordingly, the "'under color of state law' requirement is a jurisdictional requisite for a § 1983 action." *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). To have acted "under color of state law," a § 1983 defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Adkins*, 487 U.S. 42, 49 (1988).

Although state employment generally suffices to "render the defendant a state actor," "private conduct that is not fairly attributable to the State is simply not actionable under § 1983." *Jojola*, 55 F.3d at 492-93. Actions by state employees "in the ambit of their personal pursuits are plainly excluded." *Hall v. Witteman*, 584 F.3d 859, 866 (10th Cir. 2009). Where § 1983 claims are premised on seemingly private conduct, there must be a sufficiently close connection between the State and the challenged conduct such that the conduct "may be fairly treated as that of the State itself." *O'Connor v. Williams*, 64 F. App'x 747, 750 (10th Cir. 2016) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Conduct may not be fairly treated as that of the State unless a "real nexus" between the state employee's use or misuse of their authority and the alleged violation exists. *Jojola*, 55 F.3d at 493. The plaintiff has the burden to plead and establish a "'real nexus' between the defendant's conduct and the defendant's 'badge' of state authority." *Id.* at 494. Whether a plaintiff has met this burden is a question of law. *O'Connor*, 64 F. App'x at 750.

Sgaggio's allegations about the Attorney General's personal Facebook page (the page with the black and white profile picture) concern "purely private acts not furthered by any actual or purported state authority." *Jojola*, 55 F.3d at 493 n.6. The Attorney General's personal account is a privately owned channel of communication and is not converted to a public channel merely because the Attorney General is a public official. *Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1011 (E.D. Ky. 2018). Posts to that page constitute personal speech made on the Attorney General's own behalf that is not subject to First Amendment limitations. *Id.* at 1010-11; *see also Fehrenbach v. Zeldin*, CV175282JFBARL, 2019 WL 1322619, at *5 (E.D.N.Y. Feb. 6, 2019), *report and recommendation adopted*, 17CV5282JFBARL, 2019 WL 1320280 (E.D.N.Y. Mar. 21, 2019).

When the Attorney General allegedly deleted comments and blocked Sgaggio from the personal page, he exercised power granted by Facebook to all users, not authority he "possessed by virtue of state law." *West*, 487 U.S. at 49. Accordingly, there is no nexus between the alleged conduct and the Attorney General's badge of authority, and he did not act under color of law in allegedly deleting Sgaggio's comments and banning him from the personal page.

Turning to Sgaggio's allegations that the Attorney General deleted comments and banned Sgaggio from the campaign page, those alleged actions were also not taken under color of law. First, the Amended Complaint acknowledges that the campaign page is separate from the official government page. ECF No. 18, p. 12, 15. Second, the page titled "Phil Weiser," which has a color profile picture, is operated in the Attorney General's private capacity "as a campaigner for political office." *Campbell v. Reisch*, 986 F.3d 822, 825 (8th Cir. 2021); *compare* Phil Weiser, @PhilforColorado, Politician, Facebook, https://www.facebook.com/PhilforColorado/ *with* The Colorado Attorney General's Office, @Colorado Attorney General, Government Organization,

Facebook, https://www.facebook.com/ColoradoAttorneyGeneral;[1] *see also* ECF No. 18, p. 15. Running for a public office is a private activity. *Campbell*, 986 F.3d at 825. That the Attorney General was elected to the office does not change the nature of the campaign page. *Id.* at 826-27; *Phillips v. Ochoa*, No. 20-cv-00272-JAD-VCF, 2020 WL 4905535, *5 (D. Nev. Aug. 20, 2020).

Because the Attorney General's personal and campaign pages are used in a private capacity, they are not subject to the First Amendment's restrictions and the Attorney General's alleged actions were not taken under color of law. Accordingly, the Amended Complaint does not meet the burden to establish a "real nexus" between the alleged conduct and the Attorney General's badge of authority. For these reasons, the individual capacity claims against the Attorney General must be dismissed.

### III. The Attorney General is entitled to qualified immunity, requiring dismissal of all individual capacity claims.

Even if the Court concludes the Amended Complaint states claims for relief against the Attorney General, he is entitled to qualified immunity because the right at issue was not clearly established at the time of the alleged conduct. A public official acting in his individual capacity is presumed to be immune, *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990), and is entitled to qualified immunity in all but the most exceptional cases. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). When a defendant asserts a qualified immunity

---

[1] Because the Facebook pages are referenced in and central to Sgaggio's Amended Complaint, Defendants request the Court take judicial notice of the cited webpages. Fed. R. Evid. 201; *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Cafe Plaza de Mesilla Inc. v. Cont. Cas. Co.*, 2021 WL 601880, *1 n.3 (taking judicial notice of excerpts of Facebook page); *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1057 n.8 (D. Colo. 2013)"([T]he Court may consider outside documents subject to judicial notice, including . . . matters of public record."); *Bank v. Allied Jewish Fed'n of Colo.*, 4 F. Supp. 3d 1238, 1240 (D. Colo. 2013).

defense, a heavy burden shifts to the plaintiff to overcome the presumption of immunity and show the defendant violated a federally protected right clearly established at the time of the defendant's unlawful conduct. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). "[I]f a reasonable [official] might not have known for certain that the conduct was unlawful — then the [official] is immune from liability." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017).

The contours of the right at issue must be defined at a level sufficient to put public officials on notice that their actions violate constitutional guarantees. Consistent with this goal, the "clearly established" standard "requires that the legal principle *clearly prohibit* the [official's] conduct in the *particular* circumstances before him [or her]." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (emphases added). A constitutional right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he [or she] is doing violates that right." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Existing precedent "must have placed the unconstitutionality of the [official's] conduct 'beyond debate.'" *Wesby*, 138 S. Ct. at 589.

Clearly established law cannot be defined at a high level of generality. *Lesier v. Moore*, 903 F.3d 1137, 1140 (10th Cir. 2018). As the Supreme Court has unequivocally stated, "the clearly established law must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). For a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or a clearly established robust weight of authority from other circuits. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

Sgaggio alleges the Attorney General deleted Sgaggio's comments from his personal, campaign, and official pages and banned him from the personal and campaign pages, committing viewpoint discrimination in the process. ECF No. 18, p. 50. He further asserts that viewpoint discrimination has been clearly established as unconstitutional for decades. *Id.* at 51. But the Supreme Court has consistently held that clearly established law cannot be defined at such a high level of generality. *Ashcroft*, 563 U.S. at 742. And "First Amendment rights must always be applied in light of the special characteristics of the . . . environment in the particular case." *Hunt v. Bd. of Regents of Univ. of New Mexico*, 792 F. App'x 595, 605 (10th Cir. 2019); *cf. Packingham v. North Carolina*, 137 S. Ct. 1730, 1744 (2017) (Alito, J., concurring) (noting that courts "should be cautious in applying . . . free speech precedent to the internet" and "should proceed circumspectly, taking one step at a time").

Neither the Supreme Court nor the Tenth Circuit have considered whether public officials can delete comments or block individuals from their social media pages. Therefore, the analysis shifts to whether the clearly established weight of authority from other courts would have put every reasonable official on notice in March 2019 that deleting comments or banning individuals from personal, campaign, or official pages is unlawful. *Washington*, 847 F.3d at 1197.

At the time of the alleged conduct, only the Fourth Circuit had considered whether a public official deleting comments and banning individuals from a social media page violated the First Amendment.[2] *Davison v. Randall*, 912 F.3d 666, 675 (4th Cir. 2019). In that case, the chair of a county board of supervisors deleted a comment from a constituent and banned him from her official chair Facebook page. *Id.* at 673, 675. The court held the chair acted under

---

[2] Although the Fifth Circuit addressed a similar situation in April 2019, the Court considered the merits of the First Amendment claims only as to the public entity, and not individual defendants. *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 446-47 (5th Cir. 2019).

color of state law because she used the official page "as a tool of governance" and in a manner that a private citizen could not. *Id.* at 680-81. While *Davison* is arguably similar to the Amended Complaint's single allegation that a comment was removed from the Attorney General's official page, one non-controlling case is not sufficient to meet the high bar of putting every reasonable official on notice that such conduct is unlawful.

By March 2019, a few district courts had also considered the issue, but the decisions, which reached contrary conclusions, clearly do not form a consensus. *Fehrenbach*, 2019 WL 1322619, at *5 (holding that congressman's deleting a post from his campaign page amounts to private action); *One Wisconsin Now v. Kremer*, 354 F. Supp. 3d 940, 951-53 (W.D. Wis. 2019) (finding state legislators acted under color of law when blocking plaintiff from their official Twitter pages); *Price v. City of New York*, 15 CIV. 5871 (KPF), 2018 WL 3117507, at *2-4, 10 (S.D.N.Y. June 25, 2018) (concluding public employees violated plaintiff's rights when they blocked her from official government Twitter accounts); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 577 (S.D.N.Y. 2018) (*Knight I*), *aff'd*, 928 F.3d 226 (2d Cir. 2019) (*Knight II*), *cert. granted, judgment vacated sub nom. Biden v. Knight First Amendment Inst. At Columbia Univ.*, 141 S. Ct. 1220 (2021) (*Knight III*) (holding president's private Twitter account was actually used as a presidential account and therefore blocking citizens from that account violated First Amendment);[3] *Morgan*, 298 F. Supp. 3d at 1010 (concluding governor's Facebook and Twitter pages were private property not subject to the First Amendment).

---

[3] Importantly, *Knight I* was pending on appeal when the alleged conduct in this case occurred, *see Knight II*, 928 F.3d at 226, giving it even less weight. *See United States v. Patterson*, CR-20-71-RAW, 2021 WL 633022, at *5 (E.D. Okla. Feb. 18, 2021) (ruling stayed on appeal could not put officials on notice of status of the law). Moreover, the Supreme Court vacated the *Knight* rulings earlier this year. *Knight III*, 141 S. Ct. at 1220.

Several courts have held that public officials who allegedly deleted comments and blocked individuals from their campaign or official pages were entitled to qualified immunity because the law was not clearly established. *Lloyd v. City of Streetsboro*, 18-3485, 2018 WL 11298664, at *4-5 (6th Cir. Dec. 20, 2018) (city employee using official city page); *Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 616, 625-26 (S.D.N.Y. 2020), *aff'd*, 20-871, 2021 WL 1568822 (2d Cir. Apr. 22, 2021) (state senator using official page); *Garnier v. Poway Unified Sch. Dist.*, 17-CV-2215-W (JLB), 2019 WL 4736208, at *5 (S.D. Cal. Sept. 26, 2019) (school board members using campaign and official pages); *Hyman v. Kirksey*, 3:18-CV-230-DPM, 2019 WL 2323864, at *2 (E.D. Ark. May 30, 2019) (police chief using police department's official page); *Price*, 2018 WL 3117507 at *18 (city employees using official city pages).[4]

Because the law was not clearly established at the time of the alleged conduct, Sgaggio's individual capacity claims against the Attorney General must be dismissed with prejudice.[5]

## CONCLUSION

For the reasons stated herein and pursuant to the cited authorities, Defendants request this Court dismiss Sgaggio's claims against them with prejudice.

Respectfully submitted this 28th day of July 2021.

---

[4] Only one court has declined to extend qualified immunity under similar circumstances. *Swanson v. Griffin*, CV 20-496 KG/GJF, 2021 WL 930615, *7 (D.N.M. Mar. 11, 2021), *appealed docketed* April 14, 2021. However, the analysis in that case was plainly incorrect. It relied on only two cases, *Davison* and *Knight II*, neither of which are Tenth Circuit cases, and both times it defined the rights at issue at a high level of generality. *Id.* at *6. The court's reliance on *Davison* was particularly inappropriate, as that case involved what was undoubtedly always an official government page, while *Swanson* concerned what was originally a public official's personal page used before and after his election. *Compare id.* at *1 *with Davison*, 912 F.3d 673-75.

[5] Although courts generally do not dismiss a pro se litigant's suit without leave to amend, where claims must be dismissed because the plaintiff fails to meet his burden to establish the defendant violated clearly established law, such amendment would be futile and the claims may be dismissed with prejudice. *Abade Irizarry v. A. Yehia*, No. 20-cv-02881-NYW, 2021 WL 2333019, *11 (D. Colo. June 8, 2021).

PHILIP J. WEISER
Attorney General

s/ *Lauren Davison*
LAUREN DAVISON*
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032
E-Mail: lauren.davison@coag.gov

*Attorney for Defendants*
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 28th day of July 2021, addressed as follows:

*Pro Se Plaintiff*
Delbert Sgaggio
1850 North Academy Boulevard
Colorado Springs, CO 80909
Telephone: (719) 351-0801
Email: Overclock420@hotmail.com

s/La'Tasha Carter