IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00830-KMT

DELBERT SGAGGIO,

    Plaintiff,

v.

PHIL WEISER, in his individual and official capacities,

and

THE STATE OF COLORADO.

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants Attorney General Phillip Weiser ("the Attorney General") and the State of Colorado ("the State"), through undersigned counsel, submit their Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 18. In support thereof, Defendants state as follows.

## STATEMENT OF THE CASE

Plaintiff Delbert Sgaggio brings 42 U.S.C. § 1983 claims against the Attorney General in his individual and official capacities and the State, alleging one violation of his First Amendment rights to free speech, free press, and to petition the government and one First Amendment retaliation claim. ECF No. 18, p. 1, 50-54. Sgaggio seeks declaratory and injunctive relief and compensatory and punitive damages. *Id.* at p. 55.

On July 28, 2021, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 20. Sgaggio responded to the Motion on August 17, 2021.

1

**ARGUMENT**

I.     **The Eleventh Amendment bars the official capacity claims against the Attorney General and the claims against the State.**

Sgaggio claims the Eleventh Amendment does not bar the claims against the Attorney General, asserting the Attorney General is entitled to only qualified immunity. Sgaggio's argument conflates his official capacity and individual capacity claims. True, the Eleventh Amendment does not bar claims for damages against state officials in their individual capacities, and the Attorney General is entitled to only qualified immunity on the individual capacity claims. *Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). But Sgaggio has sued the Attorney General in both his individual and official capacities. ECF No. 18, p. 1. The official capacity claims are barred. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Citing *Ex parte Young*, 209 U.S. 123 (1908), Sgaggio also contends the Eleventh Amendment should not apply to either defendant because Sgaggio seeks prospective relief for ongoing constitutional violations. First, as explained in the Motion to Dismiss, Sgaggio has not alleged any constitutional violations because the Attorney General was not acting under color of state law when he took the actions alleged in the Amended Complaint. ECF No. 20, p. 5-7. Second, Sgaggio admits, and the many screenshots included in the Amended Complaint and as exhibits to the Response to the Motion to Dismiss indicate, he does in fact have access to the relevant Facebook pages. *See, e.g.*, ECF No. 27, p. 7 (stating the Attorney General's latest post on his campaign page happened less than twenty-four hours before the Response was filed). Therefore, even assuming the Attorney General did act under color of state law in allegedly

banning Sgaggio from the personal and campaign pages, there can be no ongoing constitutional violation.

Third, the *Ex parte Young* doctrine applies only to requests for prospective relief, not Sgaggio's official capacity claims for damages against the Attorney General. *Elephant Butte Irr. Dist. of New Mexico v. Dept. of Interior*, 160 F.3d 602, 608 (10th Cir. 1998). Lastly, the doctrine does not apply to the State itself. *Id.*; *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-66 (1989). For these reasons, the Eleventh Amendment bars all claims against the State, and all official capacity claims against the Attorney General.

**II.   The Attorney General's alleged actions related to his personal and campaign pages were not taken under color of law, and the Amended Complaint fails to state claims upon which relief can be granted.**

Sgaggio asserts the Amended Complaint demonstrates the Attorney General was clothed with the authority of the state when he operated his personal and campaign pages. But Sgaggio disregards cases providing that the First Amendment does not always restrict a public official's personal Facebook use, even where the official speaks "on his own behalf as a public official." *Campbell v. Reisch*, 986 F.3d 822, 825 (8th Cir. 2021); *Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1010-11 (E.D. Ky. 2018); *see also Buentello v. Boebert*, 1:21-CV-00147-DDD, 2021 WL 2588856, at *4 (D. Colo. June 24, 2021); *Fehrenbach v. Zeldin*, CV175282JFBARL, 2019 WL 1322619, at *5 (E.D.N.Y. Feb. 6, 2019), *report and recommendation adopted*, 17CV5282JFBARL, 2019 WL 1320280 (E.D.N.Y. Mar. 21, 2019). Thus, references to the Attorney General's public office, made on his personal or campaign pages, do not automatically convert those pages to official government accounts.

Additionally, to the extent Sgaggio argues that posts to the campaign page had to explicitly reference an upcoming election to constitute private activity, this argument fails. In *Campbell*, the Eighth Circuit held the defendant's Twitter account was not subject to the First

Amendment even though some posts on the page "might be conceivably characterized" as conducting public business. 986 F.3d at 827. The court found significant that the official created the account before being elected and that the page's overall theme was to promote the official as the right person for the job, both before and after the election. *Id.* at 826. That the official was not currently running for office was irrelevant. *See id.* The same is true here. Thus, that the Attorney General had been elected when he allegedly deleted comments and blocked Sgaggio from the personal and campaign pages does not transform his alleged actions to action under color of law. *Id.* at 828; *Buentello*, 2021 WL 2588856, at *5. Instead, the alleged conduct was merely the exercise of power Facebook grants to all users. Because the Attorney General's alleged actions were not taken under color of law, Sgaggio fails to state First Amendment violations and the claims must be dismissed.

### III. The Attorney General is entitled to qualified immunity, requiring dismissal of all individual capacity claims.

Sgaggio asserts the Attorney General is not entitled to qualified immunity because the unconstitutionality of viewpoint discrimination is clearly established. This argument again improperly defines the right at issue at a high level of generality. *Lesier v. Moore*, 903 F.3d 1137, 1140 (10th Cir. 2018); *see also Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (requiring "the legal principle to clearly prohibit the [official's] conduct in the particular circumstances before him"). Instead, for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision *on point*, or a clearly established robust

weight of authority from other circuits. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

With one exception, which is not controlling authority,[1] none of the cases Sgaggio cites to support his argument consider the First Amendment's contours as applied to the internet generally or social media more specifically. *See Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819 (1995) (considering whether university could refuse to pay for printing of religious student paper); *Cornelius v. NAACP Legal Defense & Educ. Fund, Inc.*, 473 U.S. 788 (1985) (considering whether federal government could exclude certain organizations from a federal employee charity drive); *Perry Educ. Ass'n v. Perry Local Educator's Ass'n*, 460 U.S. 37 (1983) (considering whether collective-bargaining agreement could prohibit teachers' union access to interschool mail system); *Carey v. Brown*, 447 U.S. 455 (1980) (considering whether state could prohibit picketing on public sidewalk based on the protestors' viewpoint); *Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92 (1972) (same); *Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133 (2d Cir. 2004) (considering whether welfare office could restrict organization's access to waiting room); *Mesa v. White*, 197 F.3d 1041 (10th Cir. 1999) (considering whether county commissioners could prohibit attendee from speaking at a public meeting).

Contrary to Sgaggio's assertion, "First Amendment rights must always be applied in light of the special characteristics of the . . . environment in the particular case." *Hunt v. Bd. of Regents of Univ. of New Mexico*, 792 F. App'x 595, 605 (10th Cir. 2019). Accordingly, the cases he cites concerning fora other than the internet and social media cannot meet Sgaggio's burden to show the right at issue was clearly established as of March 2019. *See Puller v. Baca*,

---

[1] *Davison v. Loudon Cnty. Bd. of Supervisors*, 267 F. Supp. 3d 702 (E.D. Va. 2017).

781 F.3d 1190, 1196 (10th Cir. 2015). Moreover, courts should cautiously apply First Amendment rights to the internet and social media. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1744 (2017) (Alito, J., concurring). Thus, absent "social-media-specific analyses" clearly establishing the contours of First Amendment rights, Sgaggio cannot meet his burden to overcome the presumption of immunity. *Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 616, 625-26 (S.D.N.Y. 2020), *aff'd*, 20-871, 2021 WL 1568822 (2d Cir. Apr. 22, 2021); *see also Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990) (public officials are presumed to be immune).

Because neither the Supreme Court nor the Tenth Circuit have considered whether public officials can delete comments or block individuals from their social media pages, the Attorney General is entitled to qualified immunity unless the clearly established weight of authority from other courts would have put every reasonable official on notice in March 2019 that deleting comments or banning individuals from personal, campaign, or official pages is unlawful. *Washington*, 847 F.3d at 1197.

As explained in the Motion to Dismiss the Amended Complaint, no such weight of authority existed as of March 2019, and numerous courts have held public officials alleged to have deleted comments or to have banned constituents from social media are entitled to qualified immunity. ECF No. 20, p. 9-11. Because neither controlling authority nor a weight of authority from other jurisdictions stating it is unlawful for public officials to delete comments or ban individuals from their Facebook pages exists, the right at issue in this case is not clearly established. For that reason, and because the Attorney General did not violate Sgaggio's First Amendment rights, the Attorney General is entitled to qualified immunity and the individual capacity claims must be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein, and in the Motion to Dismiss, and pursuant to the cited authorities, Defendants request this Court dismiss Sgaggio's claims against them with prejudice.

Respectfully submitted this 31st day of August 2021.

                PHILIP J. WEISER
                Attorney General

                s/ *Lauren Davison*
                LAUREN DAVISON*
                Assistant Attorney General
                Civil Litigation & Employment Section
                1300 Broadway, 10th Floor
                Denver, CO 80203
                Telephone: (720) 508-6000
                FAX: (720) 508-6032
                E-Mail: lauren.davison@coag.gov

                *Attorney for Defendants*
                *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 31st day of August 2021, addressed as follows:

<u>Pro Se Plaintiff</u>
Delbert Sgaggio
1850 North Academy Boulevard
Colorado Springs, CO 80909
Telephone: (719) 351-0801
Email: Overclock420@hotmail.com

                *s/La'Tasha Carter*