IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21–cv–00830–PAB–KMT

DELBERT SGAGGIO,

      Plaintiff,

v.

PHIL WEISER, official capacity and personal, and
STATE OF COLORADO,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendants' Motion to Dismiss Amended

Complaint" (Doc. No. 20 [Mot.], filed July 28, 2021), to which Plaintiff responded in opposition

(Doc. No. 27 [Resp.], filed August 17, 2021) and Defendants replied (Doc. No. 29 [Resp.], filed

August 31, 2021).

### STATEMENT OF THE CASE

Plaintiff, who proceeds *pro se*, filed his Amended Complaint on July 17, 2021. (Doc.

No. 18 [Am. Compl.].) Plaintiff alleges he is a journalist who is vocal on social media regarding

political issues and who likes to use memes to communicate on Facebook. (*Id.* at 2, 6.) In early

2019, the General Assembly considered HB 19–1177, which allows family or household

members or law enforcement officers "to petition the court for a temporary extreme risk

protection order (ERPO)." (*Id.* at 5–6.) Defendant Weiser, the Colorado Attorney General,

supported the bill, which Plaintiff found to be unacceptable and unconstitutional.  (*Id.* at 6.)

Plaintiff alleges in March 2019, he posted comments and memes on three Facebook pages

associated with Defendant Weiser— a personal page, a campaign page, and an official

government page.  (*Id.* at 12, 24–36.)  Plaintiff alleges Defendant Weiser deleted the comments

and memes and banned him from the personal and campaign pages, committing viewpoint

discrimination in the process.  (*Id.* at 50.)  Plaintiff also alleges the State has a custom, policy, or

practice allowing state employees to remove comments on Facebook.  (*Id.* at 46.)

Plaintiff asserts 42 U.S.C. § 1983 claims against the State of Colorado and Defendant

Weiser in his individual and official capacities, alleging one violation of his First Amendment

rights to free speech, free press, and to petition the government and one First Amendment

retaliation claim.  (*Id.* at 50–54.)  Plaintiff seeks declaratory and injunctive relief and

compensatory and punitive damages.  (*Id.* at 55.)  Defendants moves to dismiss the claims

against them in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  (*See*

Mot.)

## STANDARDS OF REVIEW

### A.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may

not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc.*

*v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*,

113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to

round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of

different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.      *Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint

for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is

not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the

court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than

the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction

when specifically authorized to do so). The burden of establishing subject matter jurisdiction is

on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings

in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The

dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.

2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## C.    *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id.* at 679–81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### A.    *Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  A suit against a state is barred regardless of whether it seeks damages or injunctive relief.  *Cory v. White*, 457 U.S. 85, 91 (1982).

Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).  Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70–71.

The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials.  *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official).  *See also Will v. Michigan Dept. of State Police*, 491 U.S.

58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted).

Whether the Eleventh Amendment provides immunity on a claim for injunctive or declaratory relief depends on whether the relief sought is truly prospective. *Hill v. Kemp*, 478 F.3d 1236, 1258–59 (10th Cir. 2007). If the relief sought is retrospective, it is barred by the Eleventh Amendment. *Id.* Plaintiff seeks unspecified "declaratory relief and injunctive relief." (Am. Compl. at 55.) To the extent Plaintiff seeks retrospective relief, however, his claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

Plaintiff's § 1983 claims against the State of Colorado, Plaintiff's claims for money damages against Defendant Weiser in his official capacity, and Plaintiff's claims for retrospective declaratory and injunctive relief are barred by the Eleventh Amendment and should be dismissed without prejudice. However, to the extent Plaintiff's claims for prospective declaratory and injunctive relief against Defendant Weiser are not dismissed for other reasons, they should proceed.[1]

---

[1] In his Reply, Defendant Weiser acknowledges that that *Ex Parte Young* does not bar official-capacity claims seeking prospective relief, but then states that "the Eleventh Amendment bars . . . *all official capacity claims*" against Defendant Weiser. (Reply at 3.) This is obviously not the case.

**B.      *Claims Regarding Defendant Weiser's Personal and Campaign Facebook Pages***

Section 1983 creates liability for violations of federal law "committed by individuals acting 'under color of state law.' " *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (citing 42 U.S.C. § 1983). Only those defendants who represent the state in some capacity are proper defendants in § 1983 claims. *Id.* Accordingly, the "'under color of state law' requirement is a jurisdictional requisite for a § 1983 action." *Id.* (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)). To have acted "under color of state law," a § 1983 defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Adkins*, 487 U.S. 42, 49 (1988).

Although state employment generally suffices to "render the defendant a state actor," "private conduct that is not fairly attributable to the State is simply not actionable under § 1983." *Jojola*, 55 F.3d at 492–93. Actions by state employees "in the ambit of their personal pursuits are plainly excluded." *Hall v. Witteman*, 584 F.3d 859, 866 (10th Cir. 2009). Where § 1983 claims are premised on seemingly private conduct, there must be a sufficiently close connection between the State and the challenged conduct such that the conduct "may be fairly treated as that of the State itself." *O'Connor v. Williams*, 64 F. App'x 747, 750 (10th Cir. 2016) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Conduct may not be fairly treated as that of the State unless a "real nexus" between the state employee's use or misuse of their authority and the alleged violation exists. *Jojola*, 55 F.3d at 493. The plaintiff has the burden to plead and establish a " 'real nexus' between the defendant's conduct and the defendant's 'badge' of state authority." *Id.* at 494. Whether a plaintiff has met this burden is a question of law. *O'Connor*, 64 F. App'x at 750.

Plaintiff's allegations about Defendant Weiser's personal Facebook page concern "purely private acts not furthered by any actual or purported state authority." *Jojola*, 55 F.3d at 493 n.6. Defendant Weiser's personal account is a privately owned channel of communication and is not converted to a public channel merely because the Defendant Weiser is a public official. *Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1011 (E.D. Ky. 2018). Posts to that page constitute personal speech made on Defendant Weiser's own behalf that is not subject to First Amendment limitations. *Id.* at 1010–11; *see also Fehrenbach v. Zeldin*, CV175282JFBARL, 2019 WL 1322619, at *5 (E.D.N.Y. Feb. 6, 2019), report *and recommendation adopted*, 17CV5282JFBARL, 2019 WL 1320280 (E.D.N.Y. Mar. 21, 2019).

When Defendant Weiser allegedly deleted comments and blocked Plaintiff from the personal page, Defendant Weiser exercised power granted by Facebook to all users, not authority he "possessed by virtue of state law." *West*, 487 U.S. at 49. Accordingly, there is no nexus between the alleged conduct and Defendant Weiser's badge of authority, and he did not act under color of law in allegedly deleting Plaintiff's comments and banning him from the personal page.

As to Plaintiff's allegations that Defendant Weiser deleted comments and banned Plaintiff from the campaign page, those alleged actions were also not taken under color of law. First, the Amended Complaint acknowledges that the campaign page is separate from the official government page. (Am. Compl. at 12, 15.) Second, the page titled "Phil Weiser," which has a color profile picture, is operated in Defendant Weiser's private capacity "as a campaigner for political office." *Campbell v. Reisch*, 986 F.3d 822, 825 (8th Cir. 2021); *compare* Phil Weiser, @PhilforColorado, Politician, Facebook, https://www.facebook.com/PhilforColorado/ *with* The Colorado Attorney General's Office, @Colorado Attorney General, Government Organization,

Facebook, https://www.facebook.com/ColoradoAttorneyGeneral;[2] see also ECF No. 18, p. 15.

Running for a public office is a private activity. Campbell, 986 F.3d at 825.  The fact that

Defendant Weiser was elected to the office does not change the nature of the campaign page.  *Id.*

at 826–27; *Phillips v. Ochoa*, No. 20–cv–00272–JAD–VCF, 2020 WL 4905535, *5 (D. Nev.

Aug. 20, 2020).

Because Defendant Weiser's personal and campaign pages are used in a private capacity,

they are not subject to the First Amendment's restrictions, and Defendant Weiser's alleged

actions were not taken under color of law.  Accordingly, Plaintiff does not meet the burden to

establish a "real nexus" between the alleged conduct and Defendant Weiser's badge of authority.

The claims regarding Defendant Weiser's personal and campaign Facebook pages should be

dismissed without prejudice for lack of jurisdiction.  *Jojola*, 55 F.3d at 492.

## C.    *Individual Capacity Claims for Equitable Relief Against Defendant Weiser*

To the extent Defendant Weiser is sued in his individual capacity, Plaintiff cannot obtain

equitable relief from Defendant Weiser because government officials acting in their individual

capacities are immune from suit for injunctive relief under § 1983.  *See Hafer v. Melo*, 502 U.S.

21, 22, 30 (1991); *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983

plaintiffs may sue individual-capacity defendants only for money damages and official-capacity

---

[2] Because the Facebook pages are referenced in and central to Plaintiff's Amended Complaint, the court may take judicial notice of the cited webpages.  Fed. R. Evid. 201; *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Cafe Plaza de Mesilla Inc. v. Cont. Cas. Co.*, 2021 WL 601880, *1 n.3 (taking judicial notice of excerpts of Facebook page); *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1057 n.8 (D. Colo. 2013) ("[T]he Court may consider outside documents subject to judicial notice, including . . . matters of public record."); *Bank v. Allied Jewish Fed'n of Colo.*, 4 F. Supp. 3d 1238, 1240 (D. Colo. 2013).

defendants only for injunctive relief.").  Thus, to the extent Plaintiff seeks equitable relief from Defendant Weiser in his individual capacity, he has failed to state a claim under § 1983, and the claims should be dismissed.

### D.   *Qualified Immunity*

Defendant Weiser argues he is entitled to qualified immunity on any individual capacity claim asserted against him.  (Mot. at 7–11.)

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  The court has discretion to address the "clearly established" element before addressing whether a constitutional violation actually occurred.  *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Once the defendant raises a qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the law was clearly established at the relevant time.  *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014); *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000).  "A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains."  *Thomas*, 765 F.3d at 1194 (internal quotation marks omitted).  Clearly established law cannot be defined at a high level of generality.  *Lesier v. Moore*, 903 F.3d 1137, 1140 (10th Cir. 2018).  As the Supreme Court has unequivocally stated, "the clearly established law must be particularized to the facts of the case."  *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

11

The contours of the right at issue must be defined at a level sufficient to put public officials on notice that their actions violate constitutional guarantees. Consistent with this goal, the "clearly established" standard "requires that the legal principle clearly prohibit the [official's] conduct in the particular circumstances before him." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (emphases added). A constitutional right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he [or she] is doing violates that right." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). Existing precedent "must have placed the unconstitutionality of the [official's] conduct 'beyond debate.' " *Wesby*, 138 S. Ct. at 589.

Plaintiff alleges Defendant Weiser deleted Plaintiff's comments from his personal, campaign, and official pages and banned him from the personal and campaign pages, committing viewpoint discrimination in the process. (Am. Compl. at 50.) He further asserts that viewpoint discrimination has been clearly established as unconstitutional for decades. (*Id.* at 51.) However, "First Amendment rights must always be applied in light of the special characteristics of the . . . environment in the particular case." *Hunt v. Bd. of Regents of Univ. of N.M.*, 792 F. App'x 595, 605 (10th Cir. 2019); *cf. Packingham v. North Carolina*, 137 S. Ct. 1730, 1744 (2017) (Alito, J., concurring) (noting that courts "should be cautious in applying . . . free speech precedent to the internet" and "should proceed circumspectly, taking one step at a time").

Neither the Supreme Court nor the Tenth Circuit have considered whether public officials can delete comments or block individuals from their social media pages. Therefore, the analysis shifts to whether the clearly established weight of authority from other courts would have put every reasonable official on notice in March 2019 that deleting comments or banning individuals

from personal, campaign, or official pages is unlawful. *Washington*, 847 F.3d at 1197.  In

deciding whether the law that the defendant allegedly violated was clearly established, the court

will examine the law as it was at the time of the defendant's actions. *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982); *Wolfenbarger v. Williams*, 826 F.2d 930, 932–33 (10th Cir. 1987).

At the time of the alleged conduct, only the Fourth Circuit had considered whether a

public official deleting comments and banning individuals from a social media page violated the

First Amendment. *Davison v. Randall*, 912 F.3d 666, 675 (4th Cir. 2019).  In that case, the chair

of a county board of supervisors deleted a comment from a constituent and banned him from her

official chair Facebook page. *Id.* at 673, 675.  The court held the chair acted under color of state

law because she used the official page "as a tool of governance" and in a manner that a private

citizen could not. *Id.* at 680–81.  While *Davison* is arguably similar to the Amended

Complaint's single allegation that a comment was removed from the Attorney General's official

page, one non-controlling case is not sufficient to meet the high bar of putting every reasonable

official on notice that such conduct is unlawful.

By March 2019, a few district courts had also considered the issue, but the decisions,

which reached contrary conclusions, clearly do not form a consensus. *See Fehrenbach*, 2019 WL

1322619, at *5 (holding that congressman's deleting a post from his campaign page amounts to

private action); *One Wisconsin Now v. Kremer*, 354 F. Supp. 3d 940, 951–53 (W.D. Wis. 2019)

(finding state legislators acted under color of law when blocking plaintiff from their official

Twitter pages); *Price v. City of New York*, 15 CIV. 5871 (KPF), 2018 WL 3117507, at *2–4, 10

(S.D.N.Y. June 25, 2018) (concluding public employees violated plaintiff's rights when they

blocked her from official government Twitter accounts); *Knight First Amendment Inst. at*

*Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 577 (S.D.N.Y. 2018) (Knight I), *aff'd*, 928 F.3d 226 (2d Cir. 2019) (Knight II), *cert. granted, judgment vacated sub nom. Biden v. Knight First Amendment Inst. At Columbia Univ.*, 141 S. Ct. 1220 (2021) (Knight III) (holding president's private Twitter account was actually used as a presidential account and therefore blocking citizens from that account violated First Amendment)[3]; *Morgan*, 298 F. Supp. 3d at 1010 (concluding governor's Facebook and Twitter pages were private property not subject to the First Amendment).

Several courts have held that public officials who allegedly deleted comments and blocked individuals from their campaign or official pages were entitled to qualified immunity because the law was not clearly established.  *Lloyd v. City of Streetsboro*, 18–3485, 2018 WL 11298664, at *4–5 (6th Cir. Dec. 20, 2018) (city employee using official city page); *Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 616, 625–26 (S.D.N.Y. 2020), *aff'd*, 20–871, 2021 WL 1568822 (2d Cir. Apr. 22, 2021) (state senator using official page); *Garnier v. Poway Unified Sch. Dist.*, 17–CV–2215–W (JLB), 2019 WL 4736208, at *5 (S.D. Cal. Sept. 26, 2019) (school board members using campaign and official pages); *Hyman v. Kirksey*, 3:18–CV–230–DPM, 2019 WL 2323864, at *2 (E.D. Ark. May 30, 2019) (police chief using police department's official page); *Price*, 2018 WL 3117507 at *18 (city employees using official city pages).

---

[3] *Knight I* was pending on appeal when the alleged conduct in this case occurred, *see Knight II*, 928 F.3d at 226, giving it even less weight.  *See United States v. Patterson*, CR-20-71-RAW, 2021 WL 633022, at *5 (E.D. Okla. Feb. 18, 2021) (ruling stayed on appeal could not put officials on notice of status of the law).  Moreover, the Supreme Court vacated the Knight rulings earlier this year and directed the Second Circuit to dismiss the case as moot.  *Knight III*, 141 S. Ct. at 1220.

Only one court in this Circuit has declined to extend qualified immunity under similar circumstances as this case. *Swanson v. Griffin*, CV 20–496 KG/GJF, 2021 WL 930615, *7 (D.N.M. Mar. 11, 2021). However, the court relied on only two cases, *Davison* and *Knight II*, neither of which are Tenth Circuit cases, and the court defined the rights at issue at a high level of generality, *id.* at *6, contrary to the Supreme Court's directive that "the clearly established law must be particularized to the facts of the case," *White*, 137 S. Ct. at 552.

Because the law was not clearly established at the time of the alleged conduct, Defendant Weiser is entitled to qualified immunity on Plaintiff's individual capacity claims for money damages against him.

**WHEREFORE**, for the foregoing reasons, this court respectfully **RECOMMENDS** that

1. "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 20) be **GRANTED** as follows:

   a. Plaintiff's § 1983 claims against the State of Colorado, Plaintiff's claims for money damages against Defendant Weiser in his official capacity, and Plaintiff's claims for retrospective declaratory and injunctive relief are barred by the Eleventh Amendment and should be dismissed without prejudice;

   b. Plaintiff's First Amendment claims regarding Defendant Weiser's personal and campaign Facebook pages should be dismissed without prejudice for lack of jurisdiction;

   c. Plaintiff's claims for equitable relief from Defendant Weiser in his individual capacity should be dismissed with prejudice for failure to state a claim;

d.   Defendant Weiser should be granted qualified immunity on Plaintiff's individual

capacity claims for money damages against him.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may

serve and file written objections to the magistrate judge's proposed findings of fact, legal

conclusions, and recommendations with the Clerk of the United States District Court for the

District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re*

*Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district

court on notice of the basis for the objection will not preserve the objection for de novo review.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate review."

*United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar de novo review by the district judge of the magistrate judge's

proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of

the right to appeal from a judgment of the district court based on the proposed findings of fact,

legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d

573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate

judge's recommendation de novo despite lack of an objection does not preclude application of

"firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901,

904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of

magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d

1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate

judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

        Dated this 27th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge